IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOVON HUMPHREY, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:17-CV-1271-G (BT) |
| | § | |
| NANCY A. BERRYHILL, | § | |
| Acting Commissioner of the | § | |
| Social Security Administration, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On May 11, 2017, Plaintiff Jovon Humphrey, proceeding *pro se* and *in forma pauperis*, filed this civil action for judicial review of a final decision by the Social Security Administration denying her claim for supplemental security income benefits on behalf of her minor son. *See* Compl. [ECF No. 3]. On July 24, 2017, the Acting Commissioner of the Social Security Administration filed her answer and the administrative record. *See* Answer [ECF No. 10]; Administrative Record [ECF No. 12]. On July 25, 2017, the Court entered an Order Directing Filing of Briefs, which required Plaintiff to file a brief setting forth all of the errors which Plaintiff contends entitles her to relief. *See* Order 1 [ECF No. 14]. Plaintiff failed to timely file her brief as directed by the Court.

Accordingly, on December 4, 2017, the Court entered a second Order directing Plaintiff to file a brief setting forth all of the errors which Plaintiff contends entitles her to relief. *See* Order 1 [ECF No. 15]. The Court ordered

Plaintiff to file her brief by December 18, 2017, and warned Plaintiff that any further failures to comply with the Court's orders may result in sanctions, including a recommendation to the District Court to dismiss this case without prejudice for failure to prosecute. *See* Order 1 [ECF No. 15] (citing FED. R. CIV. P. 16(f)(1)(C) & 41(b)). To date, Plaintiff still has not complied with the Court's orders to file a brief setting forth all of the errors which Plaintiff contends entitles her to relief.

"A district court may *sua sponte* dismiss an action for failure to prosecute under Rule 41(b)." *Hickerson v. Christian*, 283 F. App'x 251, 253 (5th Cir. 2008) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); FED. R. CIV. P. 41(b)). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 626 (1962)). The dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). "A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action." *Id.* at 880 (citing *Burden v. Yates*, 644 F.2d 503 (5th Cir. 1981)).

Plaintiff has failed to prosecute her case. She has ignored two orders directing her to file a brief setting forth all of the errors which she contends entitles her to relief. The second order expressly warned Plaintiff that her case

2

could be dismissed if she did not file the required brief. In fact, Plaintiff has not filed any documents or taken any action to advance this litigation since filing her Complaint. Under these circumstances, dismissal is warranted.

Accordingly, the Court recommends that Plaintiff's case be DISMISSED without prejudice, pursuant to FED. R. CIV. P. 41(b), for failure to prosecute.

SO RECOMMENDED.

March 29, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The Court directs the United States District Clerk to serve on the parties a true copy of the Findings, Conclusions, and Recommendation of the United States Magistrate Judge. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these Findings, Conclusions, and Recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these Findings, Conclusions, and Recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the Findings, Conclusions, and Recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).